Filed 8/25/20  P. v. Vasquez CA6
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H047580, H047670 |
| Plaintiff and Respondent, | (Monterey County Super. Ct. No. 18CR010905) |
| v. | |
| URSINO OLIVERA VASQUEZ, | |
| Defendant and Appellant. | |

On November 15, 2018, around 2:25 p.m., an officer of the California Highway Patrol stopped a car after receiving a report that it was weaving in and out of traffic lanes on Highway 101.[1]  The driver, who was later identified as appellant Ursino Olivera Vasquez, told the officer his name was Pablo Melo Olivera.  He had the odor of alcohol on his breath, appeared unsteady on his feet, and spoke with slurred speech.  The officer determined Vasquez was driving under the influence of an alcoholic beverage, conducted an inventory search of the vehicle, and located papers with the name " 'Ursino Vasquez' " on them.  Vasquez confirmed that this was his true name.

The officer performed breath tests on Vasquez that indicated that his blood alcohol level was .24 percent and .25 percent.  Investigation revealed that Vasquez's license was

---

[1] These facts are taken from Vasquez's probation report.

suspended, and he had suffered three prior convictions for driving under the influence. In addition, Vasquez had been ordered to install an ignition interlock device on his car, but the vehicle he was driving had no such device.

On January 31, 2019, Vasquez was charged by information with felony driving under the influence of alcohol or drugs (DUI) with three prior convictions (Veh. Code, § 23152, subd. (a)[2]; count 1) and an enhancement of having a blood alcohol concentration of .15 percent or more (§ 23578); driving with a blood alcohol level of .08 percent or more with three priors (§ 23152, subd. (b); count 2) and an enhancement of having a blood alcohol concentration of .15 percent or more (§ 23578); misdemeanor driving when his driving privilege was suspended for a prior DUI conviction (§ 14601.2, subd. (a); count 3); misdemeanor operating a vehicle without a functioning ignition interlock device (§ 23247, subd. (e); count 4); and misdemeanor giving a false name to a police officer (Pen. Code, § 148.9, subd. (a); count 5).

Pursuant to a written plea agreement, on March 21, 2019, Vasquez pleaded no contest to count 1 and admitted an allegation under section 23550. The plea agreement provided that he would receive felony probation and serve up to one year in the county jail as a condition of probation. Vasquez did not waive his appellate rights in the plea agreement.

On April 18, 2019, the trial court suspended imposition of sentence and placed Vasquez on formal probation for a period of five years. The trial court ordered a number of conditions of probation, including that Vasquez serve 250 days in the county jail; totally abstain from the use of alcoholic beverages; not purchase or possess alcoholic beverages; and obey all laws.[3] The trial court imposed a variety of fines and fees and

---

[2] Unspecified statutory references are to the Vehicle Code.
[3] The trial court awarded no custody credits and ordered the sentence to run consecutively to two violation of probation matters that are not at issue in this appeal. The trial court awarded custody credits in the violation of probation matters.

2

dismissed the remaining charges and enhancements. At the sentencing hearing, Vasquez told the court that this was the end of his "bad behavior." He said, "This is where I stop. I don't want to drink anymore."

On August 12, 2019, the probation office filed a petition alleging that Vasquez had violated his probation by committing a new law violation (a violation of Penal Code section 647, subdivision (f)) and by consuming alcohol. On August 27, 2019, the trial court revoked Vasquez's probation. In a hearing that day, the prosecution described the facts of the new alleged offense: "he was found just passed-out drunk on somebody's front porch" and, when roused, was "totally incoherent." Vasquez's blood alcohol level was .18 percent. On September 3, 2019, Vasquez admitted he had violated the terms of his probation by committing a new criminal offense.

The probation office prepared a report for Vasquez's sentencing on the violation of probation. The officer who interviewed Vasquez reported that Vasquez said he wanted to attend DUI classes and was willing to go to AA meetings. Vasquez acknowledged he had made a mistake but stated that he did not want residential treatment because his drinking problem was not severe. He had been sober for several months and only drank alcohol because he wanted to see his children. The probation officer recommended that Vasquez's probation be reinstated and he be ordered to attend a residential treatment program.

On September 24, 2019, the trial court conducted a sentencing hearing on the violation of probation. The prosecutor asked the court to deny probation because Vasquez did not believe he had an alcohol problem and did not want to attend residential treatment and therefore would not benefit from probation. Vasquez's defense counsel stated that she had had conversations with Vasquez about residential treatment and he was "to be clear, willing to go." She argued that Vasquez, when he spoke with probation, did not "fully recognize[] how serious the problem was." Defense counsel argued that

3

Vasquez would serve additional time in custody even if he were given another chance on probation. She requested that the trial court reinstate probation.

The trial court stated that it had read and considered all the materials presented to it, as well as Vasquez's statements. The trial court observed that Vasquez had a history of alcohol-related offenses, but Vasquez did not believe he had an alcohol problem. Based upon Vasquez's "high blood alcohol driving pattern" and his conduct during the case, the trial court found that the aggravating factors outweighed the mitigating factors, denied Vasquez probation, and imposed the upper term. The trial court sentenced Vasquez on count 1 to three years to be served in the county jail. The trial court awarded Vasquez 123 days of actual custody credits and 122 days of good time/work time, for a total credit for time served of 245 days.[4]

On November 15, 2019, Vasquez moved the trial court to modify the previously imposed sentence and reinstate his probation. Vasquez stated that he now wanted to do a residential alcohol treatment program, and he had not previously understood the importance of alcohol treatment to his recovery. In the alternative, defense counsel requested that the trial court "split[]" Vasquez's sentence. In the motion defense counsel stated, "Defense counsel should have, but failed, to address factors in mitigation at the time of sentencing." Defense counsel emphasized that Vasquez had no prior felony convictions, and Vasquez was addicted to alcohol. On November 19, 2019, the trial court denied the motion to reconsider the sentence.

Vasquez timely appealed the judgment. This court assigned the appeal docket No. H047580.

On December 12, 2019, Vasquez filed a notice of appeal from the trial court's November 19, 2019 postjudgment order denying his motion to recall his sentence. This court assigned the appeal docket No. H047670. On January 9, 2020, this court ordered

_____

[4] The trial court also sentenced Vasquez on another probation matter that is not an issue in this appeal.

4

that the appeals in both dockets be considered together for the purpose of briefing, oral argument, and disposition.

We appointed counsel to represent Vasquez on appeal. Appellate counsel filed an opening brief stating the case and the facts but raising no specific legal issues. Counsel has declared that she notified Vasquez both of her intention to request independent review under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and of Vasquez's right to file written argument on his own behalf. We notified Vasquez of his right to submit written argument on his own behalf but have received no response from him.

We have reviewed the record under *Wende*, *supra*, 25 Cal.3d 436 and *People v. Kelly* (2006) 40 Cal.4th 106. Concluding there is no arguable issue on appeal, we affirm the judgment.

## DISPOSITION

The judgment is affirmed.

_____
                             Danner, J.

WE CONCUR:

_____
Greenwood, P.J.

_____
Grover, J.

**H047580, H047670**
*People v. Vasquez*